UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY HUMPHRIES,

Petitioner,  Criminal no. 06-cr-20339
Civil no. 10-11876

v.  Honorable John Corbett O'Meara

UNITED STATES OF AMERICA,

Respondent.

_____/

# OPINION AND ORDER
# DENYING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

Before the court is a *pro se* motion filed by petitioner Barry Humphries on May 7, 2010, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a response to Petitioner's motion on June, 14, 2010. For the reasons discussed herein, Petitioner's motion will be denied.

The facts recited in United States v. Humphries, 308 Fed. Appx. 892 (6th Cir. 2009), affirming Petitioner's conviction for felon in possession of a firearm, are sufficient to address the legal issues raised by Petitioner. Petitioner's brief advances two grounds in support of his motion, ineffective assistance of counsel and improper application of the Armed Career Criminal Act ("ACCA") at sentencing.

## LAW AND ANALYSIS

In order for Petitioner to make claims of error in a 28 U.S.C. § 2255 motion that were not made at trial or on appeal, he must meet the standard set forth in United States v. Frady, 456 U.S.

152 (1982). This standard requires that the convicted defendant, in order "to obtain collateral relief based on trial errors to which no contemporaneous objection was made . . . show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Id. at 167. This threshold inquiry of whether the issue is properly before the court is relevant to analysis of both of Petitioner's claims.

### Ineffective Assistance of Counsel

Petitioner alleges ineffective assistance of counsel requires correction of his sentence because his attorney failed to challenge whether Petitioner's previous conviction for larceny from a person constitutes a crime of violence under the ACCA. Claims of ineffective assistance of counsel are not subject to the Frady standard of cause and prejudice and may be raised in a 28 U.S.C. § 2255 motion even if the claim could have been raised on appeal. Massaro v. United States, 538 U.S. 500, 500 (2003).

The standard for determining whether a defendant's counsel was ineffective in a criminal proceeding is a two-prong test described in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must demonstrate that the performance of counsel "fell below an objective standard of reasonableness" within the legal profession. Id. at 688. In making this determination, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Second, a defendant must establish "that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Petitioner has failed to show counsel's performance fell below the standards of the legal profession. The ACCA mandates a sentence of fifteen years or greater for a conviction under 18 U.S.C. § 922(g) for felon in possession of a firearm if the defendant was convicted on three prior

2

occasions of either a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). Petitioner's counsel unsuccessfully challenged whether Petitioner's two previous drug convictions occurred separately but did not challenge whether Petitioner's conviction for larceny from a person is properly classified a violent felony. In his affidavit, Petitioner's counsel explained that he considered this argument but found case law clearly holding larceny from a person is a violent felony, convincing him a challenge to the invocation of the ACCA at sentencing would be meritless. A reasoned judgment to forgo raising a fruitless claim is clearly appropriate conduct for an attorney. Therefore, Petitioner's claim of ineffective assistance of counsel is not grounds for vacating his judgment.

## Improper Application of ACCA

Petitioner further contends that application of the ACCA by the court in sentencing was inappropriate because his prior conviction for larceny from a person was incorrectly classified as a violent crime. However, Petitioner has not raised this claim previously. In order for Petitioner to make a claim that was not made at trial or on appeal, he must meet the cause and prejudice standard espoused in Frady. In his brief, Petitioner did not allege or establish cause for failing to raise the issue previously; therefore, the court need not consider this claim. Even if Petitioner's claim were properly before the court, it would fail. It is clear under Michigan law that larceny from a person is classified as a crime of violence. United States v. Payne, 163 F.3d 371 (6th Cir. 1998). Therefore, the alleged improper classification of Petitioner's previous conviction under the ACCA is not grounds for vacating his judgment.

## **ORDER**

It is hereby **ORDERED** that Petitioner's May 7, 2010 motion is **DENIED.**

Date: August 13, 2010                          John Corbett O'Meara
                                                               United States District Judge

I hereby certify that a copy of this order was served upon the parties of record on this date August 13, 2010, electronically and/or by ordinary first-class mail.

                                                               s/William Barkholz
                                                               Case Manager