UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRY HUMPHRIES,

   Petitioner,

Case No. 10-11876
Criminal Case No. 06-20339

v.

Honorable John Corbett O'Meara

UNITED STATES OF AMERICA,

   Respondent.

                 /

## ORDER DENYING PETITIONER'S MOTION TO RE-OPEN

This matter came before the court on petitioner Barry Humphries' March 25, 2011 Motion Requesting Court to Reopen § 2255 Motion. No response was filed, and no oral argument was heard.

Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 on May 7, 2010. After having been granted an extension by the court, the government filed a response June 14, 2010. Petitioner did not file a reply brief; and on August 13, 2010, the court denied his motion to vacate.

Over three months later, Petitioner filed a motion, requesting relief from judgment and asserting that he never received a copy of the government's response to his motion nor a copy of this court's order. However, a proof of service was entered for both the government's response (Docket # 46) and this court's order denying his motion (Docket # 47). Therefore, the court denied petitioner Humphries' Motion for Relief from Judgment.

Petitioner has now filed another motion requesting that the court re-open the matter because of his alleged failure to receive a response to his May 7, 2010 motion to vacate sentence. The court

regards the March 25, 2011 motion as a motion for reconsideration, as he is seeking the same relief, based on the same reasons, as previously denied.

First, Petitioner's motion for reconsideration is time-barred pursuant to Local Rule 7.1(h)(1), which provides that motions for reconsideration must be filed within 14 days after entry of the judgment or order. In this case, the court's order denying Petitioner's Motion Requesting Relief from Judgment was filed February 28, 2011; and the instant motion was filed nearly a month later.

Second, the grounds for granting a motion for reconsideration are provided in Local Rule 7.1(h)(3) as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In this case the court finds no palpable defect. Plaintiff has merely presented the same issues previously ruled upon by the court.

Furthermore, the court notes that any reply filed by Petitioner regarding his motion to vacate would have been futile. The case law upon which the court relied in denying his original, May 7, 2010 motion to vacate sentence is still good law. Petitioner's failure to file a reply brief was not dispositive in the court's decision to deny his motion to vacate sentence.

## **ORDER**

It is hereby **ORDERED** that Petitioner's March 25, 2011 motion is **DENIED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: July 5, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 5, 2011, using the ECF system and upon Petitioner at FCI Milan, Federal Correctional Institution, P.O. Box 1000, Milan, Michigan 48160 by first-class U.S. mail.

s/William Barkholz
Case Manager
